Totten-, J.,
delivered the opinion of the court.
The action is ejectment in the circuit court of Henderson for 1950 acres ofland. At July term, 1851, of said court, there *378 was a trial, which resulted in a judgment for the plaintiff, and the defendant has appealed in error to this court.
James Erwin, the plaintiff’s lessor, claims title under a marshal’s sale, made November 12, 1825, in virtue of an execution issued by the circuit court of the United States at Nashville, on a judgment in that court in favor of the Bank of Georgia vs. Andrew Erwin. The marshal’s deed and the record of that proceeding, were produced at that trial. The levy endorsed on the execution is in these words: “ Levied, 20th August, 1825, on nineteen hundred and fifty acres of land, in Henderson county, part of a tract of 2500 acres, located by Daniel Gilchrist.” The description contained in the marshal’s deed is, in the words of the levy, and no more. And now, the only question is, whether an execution sale made in virtue of such a levy, is valid or not ?
The rule to be deduced from the cases on this subject, seems to be, that the levy must contain such general description as will, by reasonable intendment, connect it with the sale and deed, so that purchasers may know the land to be sold and form some estimate of its value, and that the sheriff or marshal making the sale, or his successor, looking to the levy, may know what land to convey, and not sell one tract and convey another. Parker vs. Swan, 1 Hum. R. 81; Gibbs vs. Thompson, 7 Hum. R. 180.
The notice, founded on the levy, is supposed to contain the same description, and purchasers are thereby directed to the land intended to be sold. The deed, also founded on the levy, contains a more full and special description, consistent, however, with that contained in the levy, and it must appear from the levy and the deed, that the land named in each is the same. For parol evidence, except in the case of latent ambiguity, is, in general, inadmissible to show the identity of the land. Thus, in Taylor’s Lessee vs. Cozart, 4 Hum. R. 434, it *379 was held that a notice, being a matter in pais, was inadmis • sable to aid a defective levy.
The levy may contain, in itself, the degree of certainty required, and that is the better practice; but if it refer to a deed or other title paper of record, to which convenient access may be had, it thereby incorporates in itself, the description contained in the deed or title paper referred to. So, the levy may have the requisite certainty, by reference to natural or artificial objects on the land or to adjoining lands.
In the cases that have occurred, the following levies were held to be bad : “ Levied on 8000 acres of land, lying in four different tracts, in the county of Stewart.'” Pound vs. Pullen's lessee, 3 Yer. R. 338. “Levied on three tracts of land, one tract containing 300 acres, one tract containing 40 or 50 acres, one other tract containing 110 acres, as the property of Haywood Cozart, all in the county of Carroll.” Taylors' lessee vs. Cozart, 4 Hum. R. 434. “ Levied on lot No. —, in the town of Greenville, with its improvements.” 2 Hum. R. 396.
But in Parker vs. Swan, 1 Hum. R. 84, the description was: Levied on “ John Doak’s seventy acres of land, on the waters of the west fork of Stone’s river,” and the levy was held to be good. As to this levy, it is to be observed, that the county will be inferred from the fact that the levy was made by the sheriff of Rutherford. 3 Yer. R. 338; 2 Hum. R. 396. It states then, the owner of the land, the number of acres, its location, that is, on the waters of the west fork of Stone’s river, in the county of Rutherford. But, without intending to disturb its authority, it must be regarded as going to the utmost limit admissible under the rule before stated.
Now, in view of the rule and the cases referred to, how is the levy in the present case to be considered ?
It is evident that, if the words “ located by Thomas Gilchrist,” be omitted, the levy would be bad. Do those words give it such certainty as to make it good ? The location or *380 entry being the inception of the title and a matter of record if it were referred to and identified by the levy with reasonable certainty, it would become a part of the levy, and be taken in aid of its description. But we think it is not sufficiently identified for that purpose. It does not appear in whose name the location was made, or in what name and section, or in what part of the county the land was located. The name of the owner is the most material fact omitted in the description, in the absence of which, it should otherwise have a reasonable certainty.
Could persons desirous to purchase, ascertain with any convenience] and certainty the locality and identity of land in-1 tended to be sold under this description ? And how is a description in the marshal’s deed, if it were perfect, as it is not, to be connected with that contained in the levy, so as to identify the one with the other without the aid of extrinsic proof ?
It would require parol evidence to show negatively that Gilchrist located but the one tract containing 2500 acres, from which it might be inferred that that was the tract intended to be sold; and if that were not the fact, then the description would become still more vague and uncertain.
But-we have seen that titles held under judicial sales, cannot depend upon evidence of this description for their validity.
We may further observe, that it is not to be presumed as a fact, in the absence of any statement in the levy to that effect, that the entry was made in the name of the debtor, for he may be a purchaser as well as an enterer.
The levy is not aided in the present case, by the description contained in the deed, for it is the same as that in the levy, and no more.
We consider that the levy was void for uncertainty, and that the marshal’s sale communicated no title to the purchaser.
His Honor, the circuit Judge, having considered otherwise) *381 his judgment will be reversed, and the cause remanded for a new trial.